IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FREDRICK D. KILMER,

    Petitioner,

vs.

M. McDONALD, Warden,

    Respondent.

No. C 11-05560 YGR (PR)

**ORDER DENYING PETITIONER'S REQUEST FOR DISCOVERY AND DENYING HIS SECOND MOTION FOR APPOINTMENT OF COUNSEL**

Before the Court are Petitioner's request for discovery and his second request for appointment of counsel. (Docket no. 16.) Also pending before the Court is Respondent's motion to dismiss for failure to exhaust judicial remedies. (Docket no. 12.)

A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, Rule 6(a) of the Rules Governing Habeas Corpus Cases Under Section 2254, 28 U.S.C. foll. § 2254, provides that a "party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Good cause for discovery under Rule 6(a) is shown "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . .'" *Bracy*, 520 U.S. at 908-09.

In his motion to dismiss, Respondent argues that Petitioner failed to exhaust two of the subclaims in the federal habeas petition by not presenting those claims as claims of federal constitutional error before the state courts. (Resp't Mot. to Dismiss at 3.) Petitioner seeks leave to depose his appellate attorney, J. Frank McCabe, if the Court finds this argument persuasive. (Pet'r Req. for Disc. at 3.) This request is DENIED as premature. If the Court grants Respondent's motion to dismiss as to these particular subclaims, Petitioner may renew his request to depose his appellate

counsel. In such a request, Petitioner must outline, with particularity, the specific information he will attempt to solicit at such a deposition and must link that information to one of his pending habeas claims. Failure to do so will result in the Court's denial of such a request.

Petitioner next seeks "needed copies of documentation requested for Disco[very] and/or needed depositions from individuals involved in [his] case." (*Id.* at 2.) Petitioner, however, does not specifically identify any document, deposition testimony or other piece of evidence that would support his claims for habeas relief. He has therefore failed to establish good cause to conduct such discovery. Accordingly, his request is DENIED without prejudice.

In addition, Petitioner asks, for the second time, that the Court appoint counsel to represent him in this case. In an Order dated January 31, 2012, the Court denied Petitioner's first request for appointment of counsel. (Jan. 31, 2012 Order at 1-2.) For the same reasons specified in its January 31, 2012 Order, the Court DENIES Petitioner's second request for appointment of counsel.

The Court will resolve Respondent's pending motion to dismiss in a separate written Order.

This Order terminates Docket no. 16.

IT IS SO ORDERED.

Dated: June 19, 2012

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**