IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDRICK D. KILMER,<br><br>　　　Petitioner,<br><br>　vs.<br><br>M. McDONALD, Warden,<br><br>　　　Respondent.<br>_____/ | No. C 11-5560 YGR (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; REQUIRING PETITIONER'S ELECTION REGARDING MIXED PETITION; AND DENYING PETITIONER'S PENDING REQUEST**<br><br>(Docket Nos. 12, 18) |

Petitioner, Fredrick D. Kilmer, a state prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 31, 2012, the Court issued an Order to Show Cause directing Respondent to answer the instant petition. Respondent now moves to dismiss the petition on the grounds that Petitioner has failed to exhaust state remedies for most of his claims. (Docket No. 12.) Respondent argues that because the petition contains both exhausted and unexhausted claims, then the entire petition or the unexhausted claims must be dismissed. The Court construes Respondent's argument as a motion to dismiss ("MTD") the petition as a mixed petition under *Rose v. Lundy*, 455 U.S. 509, 510 (1982). The motion is fully briefed.

Also before the Court is Petitioner's second request for discovery. (Docket No. 18.)

For the reasons discussed below, the Court hereby: GRANTS Respondent's motion to dismiss; DIRECTS Petitioner to choose either to amend his petition and proceed only with his exhausted claims, or request a stay of the petition while he exhausts his unexhausted claims in state court; and DENIES Petitioner's second request for discovery.

**PROCEDURAL BACKGROUND**

On December 18, 2008, a San Francisco County jury convicted Petitioner of annoying or molesting a child, thirteen-year-old Thomas C., after having been previously twice convicted of a

sex offense.

Under California's Three Strikes law,[1] Petitioner allegedly had suffered two prior "strike" convictions. Petitioner's priors, submitted to the jury for determination, were found to be true.

Petitioner moved to strike his two priors under *People v. Romero*, 13 Cal. 4th 497 (1996) (authorizing sentencing court to exercise its discretion not to strike sentence enhancements based on prior "strike" convictions).

On March 20, 2009, the trial court denied Petitioner's *Romero* motion and sentenced him to twenty-five years to life in prison.

On June 11, 2010, the California Court of Appeal affirmed Petitioner's judgment in an unpublished opinion. (Resp't Ex. A, Pet. for Review, App. A.)

On July 14, 2010, Petitioner filed a petition for review in the California Supreme Court raising five claims: (1) his conviction was not supported by substantial evidence; (2) the State did not introduce evidence of one of the elements of his offense at the preliminary hearing; (3) the trial court erred when it admitted prejudicial profile evidence at his trial; (4) the trial court erred when it denied his *Romero* motion; (5) his sentence amounted to cruel and unusual punishment. (*Id.*, Pet. for Review.)

On August 18, 2010, the California Supreme Court denied review. (*Id.*, Aug. 18, 2010 Order Denying Petition for Review.)

Thereafter, Petitioner filed a state habeas petition in the San Francisco County Superior Court. On December 7, 2010, the state superior court denied the petition.

On January 10, 2011, Petitioner filed a state habeas petition in the California Court of

---

[1] California's Three Strikes law appears in California Penal Code § 667(b)-(i). The heart of the Three Strikes law is § 667(e), which prescribes increased terms of imprisonment for defendants who have previously been convicted of certain "violent" or "serious" felonies. Under this subdivision, a third strike defendant (with two or more prior felony convictions) receives an indeterminate term of life imprisonment, which includes a minimum term. The minimum term for a third strike defendant is the greatest of (i) "[t]hree times the term otherwise provided as punishment for each current felony conviction subsequent to the two or more prior felony convictions," (ii) twenty-five years imprisonment in the state prison, or (iii) "[t]he term determined by the court pursuant to section 1170 for the underlying conviction," including any applicable enhancements. Cal. Penal Code § 667(e)(2)(A). These provisions apply in addition to any other enhancements or punishment provisions which may apply. Cal. Penal Code § 667(e).

Appeal. On January 13, 2011, that state appellate court denied the petition.

On March 14, 2011, Petitioner filed a state habeas petition in the California Supreme Court raising the following fourteen claims:

(A) New evidence of [Petitioner] giving false testimony violated [his] Federal and State Constitutional Right to Due Process;

(B) Prosecutorial Misconduct for failing to correct false testimony and allowing perjured testimony violated Petitioner[']s [Right to] Due Process of Law;

(C) Prosecutorial Misconduct for withholding exculpatory evidence and assisting prosecution[']s witnesses in giving false testimony violated Petitioner[']s right to due process;

(D) Ineffective assistance of counsel for failing to advocate [Petitioner's] cause, violated [his] 6th [Amendment] Right[s];

(E) Ineffective assistance of counsel due to conflicts of interest with people involved in Petitioner[']s case/witnesses and financial reasons, violated [his] 14th and 6th Constitutional [Amendment] Rights;

(F) Ineffective assist[ance] of counsel due to ineffective investigation and preperation [sic] of Petitioner[']s case violated [his] 14th and 6th [Amendment] Rights;

(G) Ineffective assist[ance] of counsel for failing to argue a *Romero* motion before trial, and to raise the issue of the Court violating PC1009 violated [his] 14th and 6th [Amendment] Rights;

(H) Ineffective assist[ance] of counsel for failing to argue [Petitioner's] case at sentencing and to present mitigating factors of priors at sentencing and PTSD[2] issues;

(I) Ineffective assist[ance] of counsel for failing to assist on appeal denied Petitioner his right to due process;

(J) Ineffective assist[ance] fo [sic] counsel for failing to introduce exculpatory evidence and information favorable to [his] defense [violating his] 6th and 14th [Amendment] Rights;

(K) Petitioner[']s right to due process of law was denied - trial court improperly excluded favorable evidence for Petitioner[']s defense;

(L) Petitioner[']s right to due process and equal protection under the law were denied due to bias/prejudicial picking of jury pool;

(M) Petitioner[']s [right to] due process was denied on appeal - appellate counsel was ineffective due to conflicts of interest and counsel failing to investigate all avenues of appellate defense, and not insisting on receiving all the work product of

---

[2] Post traumatic stress disorder ("PTSD").

[Petitioner's] case; [and]

(N) Petitioner['s] 6th [Amendment] Right to Counsel was denied - counsel[']s representation was so deficient [that his] right to counsel was denied.

(Pet., Attach A at 1-2; Resp't Ex. B, State Habeas Pet. at 3-67.) On August 31, 2011, the state supreme court summarily denied the petition with citations to *People v. Duvall*, 9 Cal. 4th 464, 474 (1995) and *Ex Parte Swain*,[3] 34 Cal. 2d 300, 304 (1949). (*Id.*, Aug. 31, 2011 Order Denying State Habeas Petition.)

On November 17, 2011, Petitioner filed the instant federal petition raising eight claims, some of which include subclaims:

(1) ineffective assistance of counsel based on trial counsel's:

    (a) "conflict of interest" with perspective witnesses;
    (b) failure to "properly investigate factual and vital avenues of defense before [Petitioner's] preliminary and trial hearings";
    (c) failure to "advocate [Petitioner's] theory of the case";
    (d) failure to "call favorable witnesses and other witnesses in this case"; and
    (e) failure to "introduce exculpatory evidence at trial."

(2) ineffective assistance of counsel based on trial counsel's:

    (a) failure to "file timely motions before trial";
    (b) failure to "argue a *Romero* motion before trial";
    (c) failure to argue that the trial court violated *Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000) and *Blakely v. Washington*, 542 U.S. 296, 303 (2004) at sentencing and/or before trial; and
    (d) failure to assist Petitioner on appeal or post-conviction relief by "refusing to turn over any/all work product."

(3) "The new evidence which has come forth since Petitioner's trial that [he] was not aware of or had knowledge of, or knowledge of it being withheld from the jury and [Petitioner] violates [his] right to due process and equal protection under the law."

(4) prosecutorial misconduct for:

    (a) "withholding exculpatory evidence"; and
    (b) "failing to correct false testimony and assisting witnesses in giving perjured, false testimony."

---

[3] The state supreme court incorrectly listed the name of the case as "In re Swain" instead of "Ex Parte Swain." (Resp't Ex. B, Aug. 31, 2011 Order Denying State Habeas Petition.) Even though the state supreme court listed the wrong case name, it indicated the correct citation for *Ex Parte Swain*. (*Id.*) Therefore, this Court properly interprets that the state supreme court meant to cite *Ex Parte Swain*.

(5) the trial court "denied favorable exculpatory evidence at side bar from being entered into evidence and used to cross examine witnesses with, and not allowing counsel to object to the denial in court and allowed bias and prejudicial profiling testimony [to be] used by the prosecution."

(6) the trial court "violated Calif[ornia] Penal Code § 1009 and changed Petitioner[']s charge from 647.6(a)(1) to 647.6 felony charge after jury was picked, and absolutely no element of the felony charge for 647.6(c)(2) was admitted at the preliminary hearing, and the evidence was insufficient to sustain a conviction."

(7) the trial court "denied [Petitioner's] *Romero* motion on the basis of the offense committed, the untimelyness [sic] of the motion and failing to properly consider favorable evidence of defendants background, character, and prospects."

(8) Petitioner's sentence amounted to cruel and unusual punishment.

(Pet., Attach. B at B1-B46.)

On January 31, 2012, this Court issued an Order to Show Cause upon finding that it does not appear from the face of the petition that it is without merit.

Thereafter, Respondent filed the instant motion to dismiss. Petitioner filed his opposition ("Opp'n"), and Respondent filed a reply to the opposition.

**DISCUSSION**

Respondent argues that Petitioner has failed to exhaust state remedies with respect to some of the claims raised in the instant federal petition. As explained above, the Court construes Respondent's argument to mean that the action must be dismissed as a mixed petition -- containing exhausted and unexhausted claims -- under *Rose*.

The general rule is that a federal district court must dismiss a federal habeas petition containing any claim as to which state remedies have not been exhausted. *See Rose*, 455 U.S. at 522. However, if the petition is without merit the district court may deny it even if it includes unexhausted claims, *see* 28 U.S.C. § 2254(b)(2), and the court may stay mixed petitions to allow the petitioner to exhaust in state court. *Rhines v. Weber*, 544 U.S. 269, 277 (2005). In fact, the Supreme Court has noted that "it would likely be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged

in intentionally dilatory litigation tactics." *Id*. at 277-78.  It is unnecessary for the petitioner to delete from the petition the unexhausted issues before the court issues a stay, as previously required by Ninth Circuit cases, although the court has not considered the continuing propriety of that procedure after *Rhines*.  *Jackson v. Roe*, 425 F.3d 654, 659-61 (9th Cir. 2005).

When faced with a post-AEDPA[4] mixed petition, the district court must *sua sponte* inform the habeas petitioner of the mixed petition deficiency and provide him an opportunity to amend the mixed petition by striking unexhausted claims as an alternative to suffering dismissal before the court may dismiss the petition.  *Jefferson v. Budge*, 419 F.3d 1013, 1016 (9th Cir. 2005) (citing *Rhines*, 544 U.S. at 277 (court's erroneous dismissal of mixed petition entitled petitioner to equitable tolling of one-year AEDPA statute of limitations from the date the first habeas petition was dismissed until the date the second habeas petition was filed).  If the petitioner chooses to proceed with only exhausted claims, he runs the risk of forfeiting his unexhausted claims under abuse-of-the-writ principles.  *See Rose*, 455 U.S. at 521.

The district courts retain the same degree of discretion they had before *Rhines* to implement the three-step procedure outlined in *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2003), *overruled on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007), particularly when "'outright dismissal [of an entire mixed petition would] render it unlikely or impossible for the petitioner to return to federal court within the one-year limitation period imposed by [AEDPA].'" *King v. Ryan*, 564 F.3d 1133, 1141-42 (9th Cir. 2009) (citing *Kelly*, 315 F.3d at 1070).[5]  A petitioner seeking to avail himself of the *Kelly* three-step procedure is not required to show good cause, as under *Rhines*; rather, petitioner must show that the amendment of any newly exhausted claims back into the petition satisfies both *Mayle v. Felix*, 545 U.S. 644, 655 (2005), by sharing a "common core of operative facts" and *Duncan v. Walker*, 533 U.S. 167 (2001), by complying with the statute of

---

[4] Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

[5] "Pursuant to the *Kelly* procedure, (1) a petitioner amends his petition to delete any unexhausted claims; (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing the petitioner the opportunity to proceed to state court to exhaust the deleted claims; and (3) the petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition." *King*, 564 F.3d at 1134 (citing *Kelly*, 315 F.3d at 1070-71).

limitations. *Id.* at 1141-43 (finding district court's dismissal of unexhausted claims was improper because petitioner was not required to show good cause to avail himself of the *Kelly* three-part procedure but affirming the dismissal as harmless because the unexhausted claims did not relate back to the claims in the original petition that were fully exhausted at the time of filing).

Here, Respondent moves to dismiss the petition on the ground that some of Petitioner's claims are not exhausted because they were not presented to the California Supreme Court for review. In support of the motion, Respondent has provided the Court with copies of Petitioner's petition for review and state habeas petition, both filed in the California Supreme Court. (Resp't Exs. A & B.) This documentation shows that while Petitioner presented some of his claims listed in the instant federal petition to the California Supreme Court, he did not, in fact, present all of his claims. Therefore, as explained below, the action must be dismissed as a mixed petition under *Rose*.

The Court finds that Petitioner did present some of his federal claims to the California Supreme Court for review. In particular, the following federal claims were included in his petition for review: his claim of insufficient evidence to support his conviction (subclaim to federal petition Claim 6); his due process sentencing claim (federal petition Claim 7); and his Eighth Amendment cruel and unusual punishment claim (federal petition Claim 8). (Resp't Ex. A, Petition for Review at 6, 21, 28.)

Respondent argues that Petitioner has "failed to exhaust state remedies, however, for the balance of the claims he raises in his federal petition." (MTD at 3.) Specifically, Respondent argues as follows:

> Petitioner claimed in his petition for review to the California Supreme Court, as he does here, that evidence was improperly admitted at trial (subclaim of federal petition Claim 5), and that there was no evidence of one of the elements of his offense introduced at the preliminary hearing (subclaim of federal petition Claim 6). Exh. A, Petition for Review at 12, 16. He did not, however, present those claims as claims of Federal Constitutional error before the state court. *See id.* He thus did not exhaust state remedies for those two subclaims. *See Gray v. Netherland*, 518 U.S. at 162-63; *Duncan v. Henry*, 513 U.S. at 365-66.
>
> Likewise, although petitioner filed a petition for writ of habeas corpus in the California Supreme Court raising several claims, that petition was summarily

7

denied with citations to *People v. Duvall*, 9 Cal. 4th 464, 474 (1995) and [*Ex Parte*] *Swain*, 34 Cal. 2d 300, 304 (1949). Exh. B, Order denying Petition for Writ of Habeas Corpus. Such citations indicate the petitioner has not pled his claims with sufficient particularity. *Duvall*, 9 Cal. 4th at 474; *Swain*, 34 Cal. 2d at 304; *see Gaston v. Palmer*, 417 F.3d 1030, 1038-39 (9th Cir 2005), *amended on other grounds*, 447 F.3d 1165 (9th Cir. 2006). "In California, a *Swain/Duvall* dismissal affords the petitioner the opportunity to refile an amended pleading that 'allege[s] with sufficient particularity the facts warranting habeas relief.'" *Howard v. Campbell*, 305 Fed. Appx. 442, 445 (9th Cir. 2008) (quoting *King v. Roe*, 340 F.3d 821, 823 (9th Cir. 2003), *abrogated on other grounds by Evans v. Chavis*, 546 U.S. 189 (2006)); *cf.* 28 U.S.C. § 2254(b)(1)(B)(i) (providing exhaustion is excused where there is an "absence of available State corrective process"). The failure to refile such a pleading, therefore, renders the claims raised in the *Swain/Duvall* petition unexhausted.

(MTD at 3-4.)

In sum, Respondent argues that Petitioner has "exhausted state remedies for only three of several claims and subclaims raised in his petition." (*Id.* at 4.) Respondent thus argues that "the unexhausted claims, or the petition itself, must be dismissed accordingly." (*Id.*)

**I.     Subclaims in Federal Petition Claims 5 and 6 Raised in Petition for Review**

The Court first addresses Respondent's argument the Petitioner failed to present two of his claims as claims of Federal Constitutional error before the state court.

State courts must be alerted to the fact that prisoners are asserting claims under the United States Constitution in order to be given the opportunity to correct alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995). Exhaustion requires "reference to a specific federal constitutional guarantee" in state court. *Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (citing *Picard v. Connor*, 404 U.S. 270, 277 (1971)).

In his state supreme court petition for review, Petitioner did not reference specific provisions of the federal constitution or federal statues, or cite to federal or state case law analyzing the federal issue as to certain subclaims of his federal petition Claims 5 and 6. In his federal petition Claim 5, Petitioner relies on California case law to support his subclaim that prejudicial profile evidence was improperly admitted at trial. (Resp't Ex. A, Pet. for Review at 16-19.) Similarly, in his federal petition Claim 6, Petitioner only cited a violation of California Penal Code § 1009 as to the subclaim

8

1  relating to the absence of evidence to support a necessary element of the offense charged. (*Id.* at 12-
2  15.) In both instances, Petitioner did not mention the federal constitution, nor did he specifically
3  rely on any federal law or cases.[6] (*Id.*) Thus, the Court finds that Petitioner denied the California
4  courts the opportunity to rule on his federal issue as to certain subclaims of his federal petition
5  Claims 5 and 6 because he never presented a federal claim to them; therefore, he has not exhausted
6  his state remedies as to these subclaims. *See*, *e.g.*, *Keating v. Hood*, 133 F.3d 1240, 1241-42 (9th
7  Cir. 1998) (claim not exhausted when state supreme court petition for review did not argue a
8  violation of "U.S. Constitution").

## II.  Claims Raised in State Habeas Petition

Next, Respondent argues that the claims raised in Petitioner's state habeas petition to the California Supreme Court were not exhausted because they were denied with a citation to *Ex Parte Swain*, 34 Cal. 2d 300, 304 (1949). The Court agrees with Respondent in that *Swain* articulates California's procedural requirements that a California habeas petitioner allege with particularity the facts supporting his claims and explain and justify any delay in the presentation of the claims. *See Swain*, 34 Cal. 2d at 304. Here, the citation to *Swain* was for the proposition that Petitioner did not present his claims with sufficient particularity, as evidenced by the fact that it was accompanied by a citation to *People v. Duvall*, 9 Cal. 4th 464, 474 (1995) (requiring habeas claims to be stated with particularity). *See Pombrio v. Hense*, 631 F. Supp. 2d 1247, 1252 (C.D. Cal. 2009) (holding that when accompanied by citation to *Duvall*, citation to *Swain* indicates that habeas petition being

---

[6] In the relevant subclaim of his federal petition Claim 5, Petitioner cited a case from Division Three of the First District Court of Appeal, *People v. Robbie*, 92 Cal. App. 4th 1075 (2001), which included a quote from federal case law, *U.S. v Beltran-Rios*, 878 F.2d 1208 (9th Cir. 1989), and *United States v. Hernandez-Cuartas*, 717 F.2d 552, 555 (11th Cir. 1983). (Resp't Ex. A, Pet. for Review at 17-18.) When a petitioner cites state case law that analyzes both state and federal issues, the federal court may need to consider whether other language in the petition indicated that the petition was only asserting a state law claim. *Peterson v. Lampert*, 319 F.3d 1153, 1158-59 (9th Cir. 2003) (en banc) (in a counseled case, holding that the petition's specific reference only to the state constitution indicated that the petitioner was only asserting a state law claim, even though he cited state case law that analyzed both state and federal issues). Here, Petitioner does nothing more but include a quote from state case law, which cited to federal case law. He does not rely on the federal cases and, instead, specifically relies on the state appellate court discussing state case law in order to find inadmissible the profile evidence in *Robbie*. Accordingly, this Court finds that Petitioner was only asserting a state law claim.

9

dismissed for lack of particularity). In such a case, the Ninth Circuit treats the *Swain* citation as standing for a denial on procedural grounds which can be cured in a renewed state petition. *See Kim v. Villalobos*, 799 F.2d 1317, 1319 (9th Cir. 1986). State judicial remedies therefore are not exhausted. *See id.; accord McQuown v. McCartney*, 795 F.2d 807, 808 n.1, 809 (9th Cir. 1986); *Harris v. Superior Court*, 500 F.2d 1124, 1128 (9th Cir. 1974).

If a petitioner maintains that the state procedural denial based on *Swain* was erroneous because he did allege his claims with particularity and that they are incapable of being alleged with any greater particularity, a federal court cannot *per se* find the claims unexhausted, and must instead independently examine the petition presented to the state court to determine whether the claims were fairly presented. *See Kim*, 799 F.2d at 1319-20. Here, however, Petitioner does not contend that the procedural denial was erroneous, that he did allege his claims with particularity, or that the claims cannot be alleged with any greater particularity. Indeed, in his opposition, Petitioner admits that he could not allege his claims with particularity due to being "denied all access to the evidence and or/work product that proves [his] claims/grounds . . . ."[7] (Opp'n at 6.) Consequently, the Court concludes that the claims that were only raised in the habeas petition to the California Supreme have not been properly exhausted.

### III.   Mixed Petition

The petition is therefore a "mixed petition" containing both exhausted claims -- federal petition Claims 6 (subclaim), 7, 8 -- and unexhausted claims.

---

[7] Petitioner also argues that he should be relieved from the state court's application of a procedural bar. (Opp'n at 6-8.) Respondent argues that he "does not contend the instant petition is barred, only that certain of Petitioner's claims are not exhausted." (MTD at 2.) Thus, Respondent argues that "Petitioner's procedural default contentions are misplaced." (*Id.*) This Court agrees with Respondent because procedural default issues are inapplicable to the issue of whether certain federal claims are exhausted. *See Zepeda v. Walker*, 581 F.3d 1013, 1018 (9th Cir. 2009). Therefore, the Court need not address Petitioner's reliance on procedural bar case law. Petitioner's remaining arguments -- that *pro se* pleadings should be liberally construed, that exhaustion is futile, that the state court habeas form misled him into failing to present a federal claim, that his claims are meritorious -- are all without merit because: (1) no liberal construction is warranted because Petitioner was represented by counsel on direct review; (2) it is far from clear that Petitioner's pursuit of his state judicial remedies would be futile; (3) the state courts are not tasked with advising petitions on how to present a federal claim; and (4) the merits of his claims cannot be analyzed until he exhausts his state judicial remedies as to each claim.

Having concluded that Petitioner did not exhaust the aforementioned claims in the California Supreme Court, the Court GRANTS Respondent's motion to dismiss the petition as a mixed petition. *See Rhines*, 544 U.S. at 273. Before entering a judgment of dismissal, however, the Court must provide Petitioner an opportunity to amend the mixed petition by striking his unexhausted claims as an alternative to suffering dismissal. *Jefferson*, 419 F.3d at 1016 (citing *Rhines*, 544 U.S. at 277). As a further alternative, the Court may stay the mixed petition while Petitioner returns to state court to exhaust his unexhausted claims. *See Rhines*, 544 U.S. at 277. Accordingly, Petitioner may choose either to amend his petition and proceed only with his exhausted claims, or request a stay of the petition while he exhausts his unexhausted claims in state court. A stay will not be granted, however, unless Petitioner can show there was good cause for his failure to exhaust his remaining claims in state court and these claims are potentially meritorious. *See id.*

Petitioner must notify the Court of his choice within **twenty-eight (28) days** from the date of this Order, as set forth below. His failure to do so will result in the dismissal of this petition without prejudice as a mixed petition.

## CONCLUSION

For the reasons stated above, the Court hereby orders as follows:

1. Respondent's motion to dismiss (Docket No. 12) is GRANTED.

2. No later than **twenty-eight (28) days** from the date of this Order, Petitioner shall either: (1) file an amended petition that includes only his exhausted claims and strikes the remaining unexhausted claims,[8] or (2) file a request for a stay of this matter while he exhausts his unexhausted claims in state court.

3. If Petitioner chooses to file an amended petition, he must include the caption and civil case number used in this Order, Case No. C 11-5560 YGR (PR), as well as the words FIRST AMENDED PETITION on the first page; Petitioner shall not incorporate material from the original petition by reference.

---

[8] If Petitioner chooses this option he probably will not be able to file a future federal petition containing the issues which are presently unexhausted, even if he exhausts them in the future, because second federal petitions are generally barred by 28 U.S.C. § 2244(b)(2).

1    4.    If Petitioner fails to file either an amended petition or a request for a stay as ordered
2 herein by the twenty-eight-day deadline, the petition will be dismissed as a mixed petition. The
3 dismissal is without prejudice to Petitioner filing a new petition that contains only exhausted claims.
4 Should Petitioner do so, he is advised to file his new federal habeas corpus petition as soon as
5 possible after his state court proceedings have concluded. The Court makes no ruling at this time on
6 the issue of the timeliness of any future federal petition.

7    5.    As the Court has granted Respondent's motion to dismiss on procedural grounds,
8 Petitioner's "Second Motion for Request for Discovery" (Docket No. 18), which affects the petition's
9 substantive claims and therefore do not change the Court's analysis here, is DENIED.

10    6.    This Order terminates Docket Nos. 12 and 18.

11    IT IS SO ORDERED.

12 DATED: March 19, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**