IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDRICK D. KILMER,<br><br>    Petitioner,<br><br>vs.<br><br>M. McDONALD, Warden,<br><br>    Respondent.<br>_____ / | No. C 11-5560 YGR (PR)<br><br>**ORDER ADDRESSING PETITIONER'S PENDING MOTIONS; STRIKING UNEXHAUSTED CLAIMS; STAYING HABEAS PROCEEDINGS; DIRECTING PETITIONER TO FILE QUARTERLY STATUS REPORTS; AND DIRECTING CLERK TO CLOSE THIS CASE ADMINISTRATIVELY UNTIL THE COURT ISSUES ORDER LIFTING STAY**<br><br>(Docket Nos. 22, 25) |

      Petitioner, Fredrick D. Kilmer, a state prisoner, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

      The following is a summary of the claims raised in the instant petition, in which Petitioner raises eight claims, some of which include subclaims:

      (1) ineffective assistance of counsel based on trial counsel's:

            (a) "conflict of interest" with perspective witnesses;
            (b) failure to "properly investigate factual and vital avenues of defense before [Petitioner's] preliminary and trial hearings";
            (c) failure to "advocate [Petitioner's] theory of the case";
            (d) failure to "call favorable witnesses and other witnesses in this case"; and
            (e) failure to "introduce exculpatory evidence at trial."

      (2) ineffective assistance of counsel based on trial counsel's:

            (a) failure to "file timely motions before trial";
            (b) failure to "argue a *Romero* motion before trial";
            (c) failure to argue that the trial court violated *Apprendi v. New Jersey*, 530 U.S. 466, 476 (2000) and *Blakely v. Washington*, 542 U.S. 296, 303 (2004) at sentencing and/or before trial; and
            (d) failure to assist Petitioner on appeal or post-conviction relief by "refusing to turn over any/all work product."

      (3) "The new evidence which has come forth since Petitioner's trial that [he] was not aware of or had knowledge of, or knowledge of it being withheld from the jury and [Petitioner] violates [his] right to due process and equal protection under the law."

      (4) prosecutorial misconduct for:

            (a) "withholding exculpatory evidence"; and
            (b) "failing to correct false testimony and assisting witnesses in giving

perjured, false testimony."

(5) the trial court "denied favorable exculpatory evidence at side bar from being entered into evidence and used to cross examine witnesses with, and not allowing counsel to object to the denial in court and allowed bias and prejudicial profiling testimony [to be] used by the prosecution."

(6) the trial court "violated Calif[ornia] Penal Code § 1009 and changed Petitioner[']s charge from 647.6(a)(1) to 647.6 felony charge after jury was picked, and absolutely no element of the felony charge for 647.6(c)(2) was admitted at the preliminary hearing, and the evidence was insufficient to sustain a conviction."

(7) the trial court "denied [Petitioner's] *Romero*[1] motion on the basis of the offense committed, the untimelyness [sic] of the motion and failing to properly consider favorable evidence of defendants background, character, and prospects."

(8) Petitioner's sentence amounted to cruel and unusual punishment.

(Pet., Attach. B at B1-B46 (footnote added).)

On January 31, 2012, the Court issued an Order to Show Cause directing Respondent to answer the instant petition.

In lieu of filing an answer, Respondent moved to dismiss the petition as a mixed petition under *Rose v. Lundy*, 455 U.S. 509, 510 (1982).

In an Order dated July 10, 2009, the Court determined the petition was subject to dismissal as a mixed petition, i.e., it contained both exhausted claims -- federal petition Claims 6 (subclaim), 7, 8 -- and unexhausted claims. Consequently, the Court granted Respondent's motion to dismiss, informed Petitioner of the deficiency, and provided him an opportunity to amend the mixed petition by striking the unexhausted claims and proceeding with only his exhausted clams, or, alternatively, requesting a stay of the petition for the purpose of exhausting his unexhausted claims in state court.

Before the Court is Petitioner's request to stay the petition in order for him to return to state court and exhaust state remedies for some of his unexhausted claims. (Docket No. 22.) Petitioner asks for a stay under two different procedures: (1) A stay under *Rhines v. Weber*, 544 U.S. 269 (2005), which must be supported by a showing of "good cause," and (2) a stay under *Kelly v. Small*, 315 F.3d 1063 (9th Cir. 2002), which does not require a showing of good cause, but requires Petitioner to amend his petition to delete the unexhausted claims, and then later amend the petition

---

[1] *People v. Superior Court (Romero)*, 13 Cal. 4th 497 (1996).

2

again and add the claims back into the petition once they are exhausted. Respondent opposes a *Rhines* stay, and argues that Petitioner fails to demonstrate good cause. Thus, Respondent argues that a stay under the procedures outlined in *Kelly* should be the only avenue available to Petitioner.

On July 5, 2013, Petitioner filed another motion entitled, "Request for a Ruling on the Motion to Stay & Abeyance Request, and Notice of Respondent[']s Obstructive Actions Towards Petitioner[']s Appeal Process." (Docket No. 25.)

For the reasons outlined below, the Court DENIES in part and GRANTS in part Petitioner's request to stay these proceedings and addresses his other pending requests. The Court also issues certain instructions to Petitioner and to the Clerk of the Court, as explained below.

## **DISCUSSION**

### **I.     Motion for a Stay and Abeyance**

A district court may stay a mixed habeas petition to allow the petitioner to exhaust state court remedies as to those claims that have not yet been presented to the state's highest court. *See Rhines*, 544 U.S. at 277-78. In *Rhines*, the Supreme Court discussed the stay-and-abeyance procedure, explaining that a stay and abeyance "is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court," the claims are not meritless, and there are no intentionally dilatory litigation tactics by the petitioner. *Id.* If the stay is granted, the petitioner's newly-exhausted claims will be not barred by the statute of limitations, because those claims remain pending in federal court. *King v. Ryan*, 564 F.3d 1133, 1139, 1140. (9th Cir. 2009).

By contrast, where a petitioner deletes his unexhausted claims and seeks a stay of a fully-exhausted petition while he returns to state court to exhaust the unexhausted claims, no showing of good cause is required to stay the petition. *Id.* Once the claims are exhausted, however, the petitioner must amend his petition to add the newly-exhausted claims; importantly, such amendment must take place within the one-year statute of limitation set forth at 28 U.S.C. § 2244(d)(1), or the newly-exhausted claims will be dismissed as untimely. *Id.* at 1140-41.

Here, Petitioner first argues he is entitled to a stay of his mixed petition based on a showing of good cause under *Rhines*. *Rhines* did not describe the criteria for determining whether good cause

3

for failure to exhaust exists. "Good cause" does not equate with "extraordinary circumstances," as the latter is a more difficult showing to make. *See Jackson v. Roe*, 425 F.3d 654, 661-62 (9th Cir. 2005). However, the court

> must interpret whether a petitioner has 'good cause' for a failure to exhaust in light of the Supreme Court's instruction in *Rhines* that the district court should only stay mixed petitions in 'limited circumstances.' *Id.* at 661. [The court] also must be mindful that AEDPA aims to encourage the finality of sentences and to encourage petitioners to exhaust their claims in state court before filing in federal court. *Rhines*, 544 U.S. at 276-77.

*Wooten v. Kirkland*, 540 F.3d 1019, 1024 (9th Cir. 2008). In *Wooten*, the Ninth Circuit found that the petitioner had not shown good cause for the failure to first exhaust where the petitioner contended that he was "'under the impression'" that his counsel had included all the issues in his petition for review. *Id.* Accepting this excuse would make stay-and-abeyance orders routine because almost any petitioner could make this argument -- and making stay-and-abeyance orders routine would run afoul of *Rhines*' instruction that stays only be granted in limited circumstances. *Id.*

Here, Petitioner offers several reasons in an effort to show good cause for failing to exhaust his unexhausted claims. First, Petitioner states that the "state courts refusing to follow Cal. law for an OSC, and by the courts refusing to examine or address [his] writ twice, was beyond [his] control . . . . " (Mot. to Stay at 4.) Second, Petitioner claims that he "had no control of the arguments being made by appellate counsel and was required to accept appellate counsel[']s argument as being true and in accordance with the law for the furtherance of his appeal into Federal Court." (*Id.* at 3-4.) Third, Petitioner claims that "he can show good cause for relief from a procedural default when the default is due to ineffective assistance of counsel . . . ." (*Id.* at 4.)

In response to Petitioner's first reason, Respondent asserts that Petitioner claiming that California courts refused to follow California law in addressing his collateral review petition does not suffice to show good cause. This Court agrees. It is conclusively presumed that the state courts correctly interpreted and applied their own law. *Lopez v. Schriro*, 491 F.3d 1029, 1043 (9th Cir. 2007) (noting "state courts are presumed to know and correctly apply state law); *Bains v. Cambra*, 204 F.3d 964, 972 (9th Cir. 2000) (noting that in reviewing petition, "a federal court is bound by the state court's interpretations of state law); *see Bell v. Cone*, 543 U.S. 447, 455 (2005) ("We do not

4

think that a federal court can presume so lightly that a state court failed to apply its own law.").

The next two reasons relating to appellate counsel's alleged ineffectiveness or failure to present his unexhausted claims on appeal also is a common occurrence. Virtually all petitioners who have unexhausted claims have this same circumstance: if counsel presented the claim in the petition for review, it would have been exhausted. Circumstances such as these that exist for the vast majority of petitioners do not show good cause for excusing non-exhaustion. As explained above, allowing a stay for any of them would be contrary to *Rhines*' instruction for district courts to issue stays only in limited circumstances. *See Wooten*, 540 F.3d at 1024.

Having considered the reasons offered by Petitioner individually and collectively, the Court concludes that he has not shown good cause for his failure to exhaust state court remedies for his unexhausted claims. The motion for a stay and abeyance under *Rhines* is DENIED.[2]

In the alternative, Petitioner seeks as stay pursuant to the procedure outlined in *Kelly*, and Respondent does not oppose such a stay. Thus, Petitioner seeks to delete his unexhausted claims, file a fully-exhausted petition, and then have the Court stay the fully-exhausted petition while he returns to state court. In light of Petitioner's express request (and Respondent's lack of opposition) to delete his unexhausted claims and stay the fully-exhausted petition, the Court, in the interest of expediency, will not require Petitioner to file an amended petition containing only exhausted claims together with a renewed request for a stay. Instead, the Court will retain the following exhausted claims: his claim of insufficient evidence to support his conviction (subclaim to federal petition Claim 6); his due process sentencing claim (federal petition Claim 7); and his Eighth Amendment cruel and unusual punishment claim (federal petition Claim 8). The Court will strike all the other claims, which have been deemed unexhausted (pursuant to the Court's March 19, 2013 Order Granting Respondent's Motion to Dismiss) from the petition. Therefore, the motion to stay the fully-exhausted petition under *Kelly* is GRANTED.

Nothing further will take place in this action until Petitioner exhausts the unexhausted

---

[2] Because the Court has found that Petitioner has failed to meet the required showing of good cause under *Rhines*, it need not consider the other two requirements under *Rhines* of whether the unexhausted claims have merit or whether there are no intentionally dilatory litigation tactics by the petitioner.

5

claims, and moves to reopen this action, lift the Court's stay, and amend his petition to add the newly-exhausted claims, as directed below.

The Court notes that Petitioner also requests the Court "confirm the total days left [he] has to refile his exhausted claims in this Federal Court." (Mot. to Stay at 6.) However, the Court DENIES this request because it makes no ruling at this time on the issue of the timeliness of any future federal petition. **Petitioner is directed below to file his new federal habeas corpus petition within a twenty-eight day time frame or as soon as possible after his state court proceedings have concluded.**

## II. Petitioner's Other Pending Requests

In Petitioner's "Request for a Ruling on the Motion to Stay & Abeyance Request, and Notice of Respondent[']s Obstructive Actions Towards Petitioner[']s Appeal Process," he requests the following:

(1) a docket [sheet] of Case # 11-cv-05560 YGR (PR) [to be mailed] to this petitioner, and

(2) [to] inform this petitioner of the approximate time frame he should wait, before inquiring the from the Court concerning a certain ruling or motion; and

(3) [to] order the respondent to send a copy of their response to the court concerning petitioner's second request for discovery to this petitioner; and

(4) either
 (a) order [High Desert State Prison or "HDSP"] to give this petitioner the same rights, priviledges [sic], program needs, and access to the law library and assistance from other inmates as other level III inmates receive, and/or
 (b) adhere to CDCR's Operational Manual per the Classification Service Units recommendation and transfer this Petitioner to his current endorsement to [the California Training Facility] Soledad Level III, or Mule Creek State Prison Level III.

(Pet'r July 5, 2013 Mot. at 4-5.)

First, Petitioner's request for a docket sheet is GRANTED.

Next, Petitioner's second request is construed as a motion for leave to file a request for an update relating to the Court's ruling on any pending motion. Petitioner must understand that the Court is tasked with handling numerous cases on a daily basis, and he should be aware that in the instant matter the Court will rule on any motion filed by either party in due course. The Court notes,

however, that throughout the course of these proceedings, Petitioner has submitted various handwritten pleadings, motions, and letters. The majority of these documents have been submitted at Petitioner's own initiative and not in response to any Court Order or pleading filed by Respondent. Absent extraordinary circumstances, there appears to be no need for Petitioner to file any further update requests relating to any of the Court's rulings because no rulings need to be made until after he has exhausted his state judicial remedies. Therefore, his motion for leave to file a request for an update relating to the Court's ruling on any pending motion is DENIED as unnecessary.

Third, the Court construes Petitioner's discovery request as a motion for leave to conduct discovery. However, a habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Federal Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254, provides that a "party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Good cause for discovery under Rule 6(a) is shown "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . . .'" *Bracy*, 520 U.S. at 908-09. At this time, any such discovery requests are premature as Petitioner still needs to exhaust his state judicial remedies. Petitioner's motion for leave to conduct discovery is therefore DENIED as premature.

Fourth, Petitioner requests the Court to direct HDSP prison officials to allow him certain privileges (i.e., access to the HDSP law library), to "adhere to CDCR's Operational Manual," or to transfer him to another prison. (*Id.* at 5.) This request is DENIED because Petitioner has not shown a sufficient reason for this Court to interfere in the day-to-day operations of the prison. *See Turner v. Safley*, 482 U.S. 78, 84-86 (1987); *Wright v. Rushen*, 642 F.2d 1129, 1132 (9th Cir. 1981) (courts should avoid enmeshing themselves in minutiae of prison operations in name of constitution). Furthermore, because HDSP is not in this judicial district, Petitioner must present any claims regarding his conditions of confinement at that prison in the United States District Court for the Eastern District of California. Finally, the Court notes that it is well-established that prisoners have

no constitutional right to be incarcerated in a particular institution. *Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983). Therefore, an allegation that prison officials have "wrongfully" denied Petitioner's transfer to another institution cannot form the basis for a § 1983 claim. *Id.*

## CONCLUSION

For the reasons stated above, the Court hereby orders as follows:

1. Petitioner's motion to stay under *Rhines* is DENIED; however, his motion to stay the fully-exhausted petition (as explained above) under *Kelly* is GRANTED. (Docket No. 22.)

These proceedings are hereby STAYED pending Petitioner's exhaustion of his state judicial remedies as to his unexhausted claims. Petitioner must act diligently in exhausting his state judicial remedies, or the stay may be lifted. He must file quarterly reports describing the progress of his state court proceedings, commencing **twenty-eight (28) days** from the date of this Order and continuing every **ninety (90) days** thereafter until his state court proceedings are terminated. He must also attach to his status reports copies of the cover page of any document that he files with or receives from the state courts relating to the claims.

The Clerk shall ADMINISTRATIVELY CLOSE the file pending the stay of this action. Nothing further will take place in this action until Petitioner receives a final decision from the highest state court and, within **twenty-eight (28) days** of doing so, moves to reopen the action, lift the Court's stay and amend the stayed petition to add the newly-exhausted claims. As explained above, the Court DENIES Petitioner's request to "confirm the total days left [he] has to refile his exhausted claims in this Federal Court" because it makes no ruling at this time on the issue of the timeliness of any future federal petition.

2. The Court has addressed Petitioner's July 5, 2013 "Request for a Ruling on the Motion to Stay & Abeyance Request, and Notice of Respondent[']s Obstructive Actions Towards Petitioner[']s Appeal Process," and further orders as follows:

   a. Petitioner's request for a docket sheet is GRANTED. The Clerk shall mail Petitioner a copy of the docket sheet along with his copy of this Order.

   b. Petitioner's motion for leave to file a request for an update relating to the Court's ruling on any pending motion is DENIED as unnecessary.

8

        c.      Petitioner's motion for leave to conduct discovery is DENIED as premature.

        d.      Petitioner's requests for the Court to direct HDSP prison officials to allow him certain privileges (i.e., access to the HDSP law library), to "adhere to CDCR's Operational Manual," and to transfer him to another prison are DENIED. Because HDSP is not in this judicial district, Petitioner must present any claims regarding his conditions of confinement at that prison in the United States District Court for the Eastern District of California.

    3.    This Order terminates Docket Nos. 22 and 25.

IT IS SO ORDERED.

DATED: August 16, 2013

**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**