UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDRICK DON KILMER,<br><br>    Petitioner,<br><br>    v.<br><br>MARION SPEARMAN,<br><br>    Respondent. | Case No. 11-cv-05560-YGR (PR)<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS CLAIMS II-VIII IN AMENDED PETITION; ADDRESSING PETITIONER'S PENDING MOTIONS; AND SETTING BRIEFING SCHEDULE** |

This action was stayed and administratively closed so that Petitioner Fredrick Don Kilmer could exhaust state court remedies as to certain claims for habeas relief. On February 20, 2014, Petitioner filed a motion to lift the stay and reopen the action together with an amended petition for a writ of habeas corpus. On February 26, 2014, the Court granted the motion and ordered Respondent to show cause why the amended petition should not be granted. On April 28, 2014, Respondent filed a motion to dismiss Claims II-VIII in the amended petition as untimely and procedurally defaulted. Petitioner has filed an opposition, and Respondent has filed a reply.

For the reasons discussed below, the Court GRANTS the motion to dismiss Claims II-VIII, addresses Petitioner's pending motions, and sets a briefing schedule for the remaining claims.

## PROCEDURAL BACKGROUND

On December 18, 2008, a San Francisco County jury convicted Petitioner of annoying or molesting a child, thirteen-year-old Thomas C., after having been previously twice convicted of a sex offense. Dkt. 12-1 at 44-48.[1] Under California's Three Strikes law, Petitioner allegedly had suffered two prior "strike" convictions. *Id.* Petitioner's priors, submitted to the jury for determination, were found to be true. *Id.*

Petitioner moved to strike his two priors under *People v. Romero*, 13 Cal. 4th 497 (1996) (authorizing sentencing court to exercise its discretion not to strike sentence enhancements based on prior "strike" convictions). *Id.*

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

1    On March 20, 2009, the trial court denied Petitioner's *Romero* motion and sentenced him
2    to twenty-five years to life in prison. *Id.*
3    On June 11, 2010, the California Court of Appeal affirmed Petitioner's judgment in an
4    unpublished opinion. *Id.* at 59.
5    On August 18, 2010, the California Supreme Court denied review. Dkt. 12-1 at 2.
6    Thereafter, Petitioner filed a state habeas petition in the San Francisco County Superior
7    Court. On December 7, 2010, the state superior court denied the petition.
8    On January 10, 2011, Petitioner filed a state habeas petition in the California Court of
9    Appeal. On January 13, 2011, that state appellate court denied the petition.
10   On March 14, 2011, Petitioner filed a state habeas petition in the California Supreme
11   Court. Dkt. 12-2 at 3. On August 31, 2011, the state supreme court denied the petition. Dkt. 12-2
12   at 2.
13   On November 17, 2011, Petitioner filed the instant federal petition. Dkt. 1.
14   On March 19, 2013, this Court granted Respondent's motion to dismiss the original
15   petition upon finding that it was a "mixed petition" containing both exhausted claims—Claims VI
16   (subclaim), VII and VIII from the original petition[2]—and unexhausted claims. Dkt. 21.
17   On May 16, 2013, Petitioner filed a second state habeas petition in the California Supreme
18   Court, No. S210834. Dkt. 41-1 at 2. On July 17, 2013, the state supreme court denied the
19   petition with citations to *In re Robbins*, 18 Cal. 4th 770, 780 (1998), *In re Clark*, 5 Cal. 4th 750,
20   797-98 (1993), *People v. Duvall*, 9 Cal. 4th 464, 474 (1995), and *In re Waltreus*, 62 Cal. 2d 218,
21   225 (1965). Dkt. 43-2 at 71.
22   On August 16, 2013, this Court stayed the proceedings pursuant to *Kelly v. Small*, 315 F.3d
23   1063 (9th Cir. 2002), and struck the unexhausted claims in order for Petitioner to exhaust them in
24   state court. Dkt. 30.
25   On November 5, 2013, Petitioner filed a third state habeas petition in the California

---

[2] Petitioner has reorganized his claims in his later-filed amended petition (the operative petition). Claims VI, VII, and VIII, which are timely and exhausted, now appear as Claims I, IX, and X, respectively, in the amended petition. Dkt. 39-2 at 2, Doc. 39-5 at 10, 13. Thus, the Court will refer to the three timely and exhausted claims as Claims I, IX, and X.

1  Supreme Court, No. S214467, which was almost identical to his second state habeas petition and
2  raised the same claims. Dkts. 43-3, 43-4. On January 29, 2014, the state supreme court denied the
3  petition with citations to *In re Robbins*, 18 Cal. 4th at 780, *In re Clark*, 5 Cal. 4th at 767-69,
4  *Duvall*, 9 Cal. 4th at 474, *In re Waltreus*, 62 Cal. 2d at 225, *Ex parte Dixon*, 41 Cal. 2d 756, 759
5  (1953), and *Ex parte Miller*, 17 Cal. 2d 734, 735 (1941). Dkt. 41-2 at 2.

On February 20, 2014, Petitioner filed a motion to lift the stay and reopen the action together with an amended petition for a writ of habeas corpus. Dkts. 37, 39.

On February 26, 2014, the Court granted the motion and ordered Respondent to show cause why the amended petition should not be granted. Dkt. 38.

On April 28, 2014, Respondent filed the instant motion to dismiss Claims II-VIII in the amended petition as untimely and procedurally defaulted. Dkt. 41.

Petitioner has filed an opposition, and Respondent has filed a reply. Dkts. 42, 43.

Petitioner has also filed a "Request for Ruling and/or Hearing" relating to the pending motion to dismiss. Dkt. 45. The Court will be resolving the motion to dismiss below, but it will do so without a hearing; therefore, Petitioner's "Request for Ruling and/or Hearing" is GRANTED in part and DENIED in part. Dkt. 45.

Also before the Court are the following motions filed by Petitioner:

(1)  "Request for this Court to Accept M. Luna's Sworn Statement and Petitioner's Request for Evidentiary Hearing and Appointment of Counsel" (dkt. 44); and

(2)  "Request to Depose J. Frank McCabe Petitioner[']s Appellate Counsel, and Appointment of Counsel per Title 18 U.S.C. 3006A" (dkt. 46).

## DISCUSSION

Respondent argues that seven claims in his amended petition—Petitioner's Claims II-VIII—must be dismissed because they are untimely and procedurally defaulted. Because the Court finds below that these seven claims are procedurally defaulted, it need not address whether they are untimely.

### I.  LEGAL STANDARD

A federal court will not review questions of federal law decided by a state court if the

3

decision rests on a state law ground that is independent of the federal question and adequate to support the judgment. *Walker v. Martin*, 562 U.S. 307, 131 S. Ct. 1120, 1127 (2011); *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991). The adequate and independent state ground doctrine furthers the exhaustion of state court remedies requirement for federal petitions because, without it, habeas petitioners would be able to avoid exhaustion by defaulting their federal claims in state court. *Walker*, 131 S. Ct. at 1127. To qualify as an adequate procedural ground, a state rule must be firmly established and regularly followed. *Id.* at 1127-28 (citation omitted). In cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Id.*; *Coleman*, 501 U.S. at 750.

## II. ANALYSIS

As to Petitioner's second and third state habeas petitions, in which he filed almost identical petitions in an attempt to exhaust his state judicial remedies as to Claims II-VIII, the California Supreme Court issued one-sentence denials with citations to *In re Robbins*, and *In re Clark*, indicating that the petition was untimely.[3] Dkts. 41-1 at 2; 41-2 at 2.[4] A summary denial citing *In*

---

[3] *Robbins* stated that an untimely petition will be entertained on the merits if the petitioner demonstrates (i) that error of constitutional magnitude led to a trial that was so fundamentally unfair that absent the error no reasonable judge or jury would have convicted the petitioner; (ii) that the petitioner is actually innocent of the crime or crimes of which he or she was convicted; (iii) that the death penalty was imposed by a sentencing authority that had such a grossly misleading profile of the petitioner before it that, absent the trial error or omission, no reasonable judge or jury would have imposed a sentence of death; or (iv) that the petitioner was convicted or sentenced under an invalid statute. 18 Cal. 4th at 780-81. Meanwhile, the Ninth Circuit has held that *In re Clark* deals specifically with the state procedural bar of untimeliness. *See Lakey v. Hickman*, 633 F.3d 782, 786 (9th Cir. 2011) (citing *Park v. California*, 202 F.3d 1146, 1152 n.3 (9th Cir. 2000)).

[4] The Court notes that in its January 29, 2014 denial of Petitioner's third state habeas petition, the California Supreme Court's pin cite to *In re Clark*, 5 Cal. 4th at 767-69, does not discuss the State's timeliness rule. Rather, that portion of the *In re Clark* opinion discusses California's procedural rule on repetitious, piecemeal, and successive claims. However, the state supreme court's July 17, 2013 denial of Petitioner's *second* state habeas petition (raising the same seven claims at issue) has the correct pin cite to *In re Clark*, 5 Cal. 4th at 797-98, which requires

4

*re Robbins* and *In re Clark* means that the petition is rejected as untimely. *Walker*, 131 S. Ct. at 1126. In *Walker*, the United States Supreme Court held that California's timeliness bar was an adequate procedural rule that bars federal habeas review.[5] *Id.* at 1128-31. The denial of habeas relief by the California Supreme Court on the ground that the application for relief was filed untimely is an independent and adequate state procedural ground requiring denial of subsequent habeas petitions in federal court. *Id.*

A petitioner may surmount a proper procedural bar by showing either cause and prejudice or a fundamental miscarriage of justice. *Coleman*, 501 U.S. at 750. "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded . . . efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). "Thus, cause is an *external impediment* such as government interference or reasonable unavailability of a claim's factual basis." *Id.* (emphasis added). "To establish prejudice resulting from a procedural default, a habeas petitioner bears 'the burden of showing not merely that the errors at his trial constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension.'" *White v. Lewis*, 874 F.2d 599, 603 (9th Cir. 1989) (citing *United States v. Frady*, 456 U. S. 152, 170 (1982)). To show that a failure to consider the merits of a claim would result in a fundamental miscarriage of justice, a petitioner must establish factual innocence. *See Gandarela v. Johnson,* 286 F.3d 1080, 1085-86 (9th Cir. 2002); *Wildman v. Johnson*, 261 F.3d 832, 842-43 (9th Cir. 2001). The burden of establishing cause and prejudice or a fundamental miscarriage of justice always rests with the petitioner. *White*, 874 F.2d at 603; *Wildman*, 261 F.3d at 842-43.

Because California's timeliness rule is a valid procedural ground for precluding federal review of Petitioner's claims, this Court may only reach the merits of the claims if Petitioner

---

timely presentation of claims on habeas. Accordingly, this Court concludes that the California Supreme Court's citation (in its July 17, 2013 denial) to *In re Clark* at pages 797-798 was a procedural bar on the basis of untimeliness.

[5] In *Walker*, the parties did not dispute that the timeliness rule was an independent state ground. *Walker*, 131 S. Ct. at 1127.

shows (i) cause and prejudice or (ii) that failure to consider the claims will result in a fundamental miscarriage of justice. *See Coleman*, 501 U.S. at 750. To support this test, Petitioner argues under the first prong that his appellate attorney's ineffectiveness in failing to raise certain claims on direct appeal constitutes an "objective factor external to the defense" which impeded his efforts to comply with the State's filing requirements. Dkt. 42 at 5-7. In essence, Petitioner claims that before his direct appeal was filed, he "insisted and argued to no avail for his appellate counsel to argue the IAC claims raised by this Petitioner along with his prosecutorial misconduct claims, and the new evidence and withholding of evidence claims, presented before this Court, and to obtain documentation and work product from trial attornies [sic]." *Id.* at 5. In Petitioner's more recently filed a "Request to Depose J. Frank McCabe Petitioner[']s Appellate Counsel, and Appointment of Counsel per Title 18 U.S.C. 3006A," he claims that his appellate counsel "refused to preserve or federalize the claims the State is now attempting to have procedurally barred." Dkt. 46 at 3. Petitioner thus claims he "needs to depose J. Frank McCabe in order to advance his argument against the State[']s attempt to procedurally bar his claims." *Id.* In essence, Petitioner is attempting to show cause for excusing procedural default by raising an additional allegation of ineffective assistance of his appellate counsel.

Petitioner's showing is not persuasive. Petitioner has not convincingly shown ineffective assistance. At best, he merely indicates that his appellate attorney did not always follow his recommendation as to how to proceed, i.e., which claims to raise on direct appeal. As explained above, Petitioner must show an *external impediment* to his appellate attorney's efforts to represent him. *Murray*, 477 U.S. at 488. In *Murray*, the Supreme Court stated that the decision in *Engle v. Isaac*, 456 U.S. 107 (1982), made clear that "[t]he mere fact that counsel failed to recognize the factual or legal basis for a claim, or failed to raise the claim despite recognizing it, does not constitute cause for a procedural default." *Id.* at 478. The Court discerned "no inequity in requiring [a defendant] to bear the risk of attorney error that results in procedural default," if a defendant's counsel's performance does not fall to such a level as to constitute ineffective assistance pursuant to the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). *Id.* at 488. Said differently, attorney error short of ineffective assistance of counsel does not

constitute cause for a procedural default even when that default occurs on appeal rather than at trial. *Id.*

Here, Petitioner has not made the required showing of some external impediment preventing counsel from constructing or raising the claim. That Petitioner's appellate attorney did not present the seven claims at issue on direct appeal or that his appellate attorney chose to pursue other claims does not establish cause. *Id.* at 486. Because Petitioner fails to show cause for the procedural default, the Court need not assess whether prejudice resulted therefrom because it is necessary that Petitioner show *both* cause and prejudice in order for the Court to reach such a claim as posed herein on the merits. *Id.* at 494 ("[B]oth cause and prejudice must be shown, at least in a habeas corpus proceeding challenging a state court conviction.").

In sum, Petitioner has demonstrated neither cause and prejudice nor that the failure to consider his claims will result in a fundamental miscarriage of justice. Accordingly, the Court finds that Claims II-VIII (in the amended petition) are procedurally defaulted for purposes of federal habeas review, and Respondent's motion to dismiss these claims is GRANTED. Dkt. 41.

At this time, the Court notes that there are three remaining claims—Claims I, IX and X (in the amended petition)—that still need to be decided on the merits. Respondent has yet to file an answer addressing the merits of these claims; therefore, the Court directs the parties to abide by the briefing schedule outlined below.

### III.    PETITIONER'S PENDING MOTIONS

#### A.    Discovery Motions

A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997). However, Rule 6(a) of the Rules Governing Habeas Corpus Cases Under Section 2254, 28 U.S.C. foll. § 2254, provides that a "party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Good cause for discovery under Rule 6(a) is shown "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he

7

1    is . . . entitled to relief . . . .'"  *Bracy*, 520 U.S. at 908-09.

2        As mentioned above, Petitioner has pending discovery requests, one request relates to the

3    substantive claims, i.e., his motion requesting the Court to accept M. Luna's sworn statement, and

4    the other request related to his opposition to the pending motion to dismiss, i.e., his request to

5    depose his appellate attorney.  First, as the Court has granted Respondent's motion to dismiss

6    certain claims on procedural grounds, Petitioner's discovery request regarding M. Luna's sworn

7    statement affects the petition's substantive claims and therefore does not change the Court's

8    analysis here.  It is DENIED without prejudice to refiling once the substantive claims are handled

9    on the merits.  Second, because the Court has already found above that Petitioner's appellate

10   attorney's alleged ineffectiveness does not constitute cause for excusing procedural default, any

11   requests to depose this attorney to further Petitioner's rejected argument would be unnecessary at

12   this time.  Should Petitioner wish to still conduct such a deposition in relation to the substantive

13   claims, any such request is also DENIED without prejudice to refiling once the substantive claims

14   are handled on the merits.

**B.    Request for Evidentiary Hearing and Appointment of Attorney**

16       Petitioner has requested an evidentiary hearing, and he has filed a renewed request for

17   appointment of counsel.

18       The Sixth Amendment's right to counsel does not apply in habeas corpus actions.  *See*

19   *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir.), *cert. denied*, 479 U.S. 867 (1986).  However,

20   a district court is authorized to appoint counsel to represent a habeas petitioner whenever "the

21   court determines that the interests of justice so require" and such person is financially unable to

22   obtain representation.  18 U.S.C. § 3006A(a)(2)(B).  The decision to appoint counsel is within the

23   discretion of the district court.  *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), *cert.*

24   *denied*, 481 U.S. 1023 (1987); *Knaubert*, 791 F.2d at 728; *Bashor v. Risley*, 730 F.2d 1228, 1234

25   (9th Cir.), *cert. denied*, 469 U.S. 838 (1984).  Appointment is mandatory only when the

26   circumstances of a particular case indicate that appointed counsel is necessary to prevent due

27   process violations, *see Chaney*, 801 F.2d at 1196; *Eskridge v. Rhay*, 345 F.2d 778, 782 (9th Cir.

28   1965), *cert. denied*, 382 U.S. 996 (1966), and whenever an evidentiary hearing is required, *see*

8

Rule 8(c) of the Rules Governing Section 2254 Cases; *United States v. Duarte-Higareda*, 68 F.3d 369, 370 (9th Cir. 1995); *Bashor*, 730 F.2d at 1234. Consistent with its prior order, the Court still finds that appointment of counsel is not necessary at this time. The remaining claims were briefed by counsel on direct appeal and have been addressed by the state courts on the merits.

There also is no indication that an evidentiary hearing is required under 28 U.S.C. § 2254(e). Petitioner's remaining claims do not rely upon extra-record evidence and a factual basis exists in the record to determine the claims. If during its review of the merits of the petition the Court determines that further fact finding is required, the Court will decide whether to hold an evidentiary hearing or whether the facts can be gathered by way of mechanisms short of an evidentiary hearing, such as supplementation of the record with sworn declarations from the pertinent witnesses. *See Downs v. Hoyt*, 232 F.3d 1031, 1041 (9th Cir. 2000).

For these reasons, Petitioner's request for an evidentiary hearing and renewed request for appointment of counsel are DENIED without prejudice at this time.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Petitioner's "Request for Ruling and/or Hearing" on the pending motion to dismiss is GRANTED in part and DENIED in part. Dkt. 45.

2. Respondent's motion to dismiss Claims II-VIII (in the amended petition) as procedurally defaulted is GRANTED. Dkt. 41.

3. Petitioner's "Request for this Court to Accept M. Luna's Sworn Statement and Petitioner's Request for Evidentiary Hearing and Appointment of Counsel" (dkt. 44) and "Request to Depose J. Frank McCabe Petitioner[']s Appellate Counsel, and Appointment of Counsel per Title 18 U.S.C. 3006A" (dkt. 46) are DENIED without prejudice, as explained above.

4. Respondent shall file an Answer to the remaining claims—Claims I, IX and X (in the amended petition)—no later than **twenty-eight (28) days** of the date of this Order. If Petitioner wishes to respond to the Answer, he shall do so by filing a Traverse with the Court and serving it on Respondent no later than **twenty-eight (28) days** from the date of this Order. If he does not do so, the petition will be deemed submitted and ready for decision on the date the

Traverse is due.

5. Extensions of time are not favored, though reasonable extensions will be granted. However, the party making a motion for an extension of time is not relieved from his or her duty to comply with the deadlines set by the Court merely by having made a motion for an extension of time. The party making the motion must still meet the deadlines set by the Court until an order addressing the motion for an extension of time is issued. Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the deadline sought to be extended.

6. It is Petitioner's responsibility to prosecute this case. Petitioner is reminded that all communications with the Court must be served on Respondent by mailing a true copy of the document to Respondent's counsel. Petitioner must keep the court and all parties informed of any change of address by filing a separate paper captioned "Notice of Change of Address." He must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute. *See* Fed. R. Civ. P. 41(b).

7. This Order terminates Docket Nos. 41, 44, 45 and 46.

IT IS SO ORDERED.

Dated: March 31, 2015

_____
YVONNE GONZALEZ ROGERS
United States District Judge